THE PEOPLE *ex rel.* Frederick Ropiequet

*v.*

OWNERS OF LANDS.

*Filed at Mt. Vernon January 22, 1884.*

ERROR—*party estopped to assign for error a judgment by consent.*
Where the county court renders judgment, by consent of all parties, against
lands and lots for State and county taxes alone, and sustains the objections
made to the other taxes by like consent, the People will be precluded from
assigning error to reverse such judgment.

APPEAL from the County Court of St. Clair county; the Hon. FREDERICK H. PIEPER, Judge, presiding.

Mr. R. A. HALBERT, and Mr. B. H. CANBY, for the appellant.

Mr. JOHN B. BOWMAN, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The collector of taxes of St. Clair county applied to the county court for an order for the sale of lands, town lots, etc., for delinquent taxes. The notice was to the May term, 1882. The taxes were delinquent for the year 1881 and previous years. There was no objection filed to the notice, or other proceeding in assessing the taxes, except it was claimed that there was no authority for levying any but the State and county taxes. On a hearing of the objection, the collector introduced the notice and proof of publication, corrected list, etc.

It is urged that no evidence was introduced to sustain the objection. That is true; but it appears that the collector consented to the judgment. The bill of exceptions recites that the parties were present by their attorneys; that the court found the objector was a corporation of this State and the owner of the property, "and by the consent of all parties the court then and there considered, ordered and adjudged that there are due and delinquent upon" the property State and county taxes, the amount for which judgment was rendered, "and that the objections made as to all the remainder of the sums claimed to be due upon and from the said several half lots, respectively, and described in said delinquent list, be and they are sustained." Upon this agreement of the parties the court could not have done otherwise than render judgment alone for State and county taxes. The agreement precluded any other judgment, and the People are estopped from assigning error to reverse the judgment rendered by consent of the parties, and it must be affirmed.

*Judgment affirmed.*